# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendant. | CASE NO. 06cv1558-W (WMc)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)<br><br>[Doc. No. 45] |

　　　　Plaintiff, proceeding pro se and in forma pauperis ("IFP") with a civil rights Complaint [Doc. No. 1] filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at Ironwood State Correctional Facility, has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 45].

　　　　"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

　　　　Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County

1  of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires
2  an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to
3  articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of
4  these issues is dispositive and both must be viewed together before reaching a decision.'" Id.
5  (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

6  Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved,
7  and is able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading
8  has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and the
9  Court's docket reflects that Plaintiff has effected service Complaint to which Defendants have
10 filed a Motion to Dismiss [Doc. No.47]. See 28 U.S.C. § 1915(d).

**Conclusion and Order**

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 45].

**IT IS SO ORDERED.**

**DATED: November 23, 2007**

*/s/ William McCurine Jr.*

**Hon. William McCurine, Jr.**
**U.S. Magistrate Judge**
**United States District Court**