UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>                            Plaintiff,<br>  vs.<br>ARNOLD SCHWARZENEGGER, et. al.,<br><br>                            Defendants. | CASE NO. 06-CV-1558 W (WMC)<br><br>**ORDER DENYING MOTION TO STRIKE (Doc. No. 115.)** |

On February 8, 2010, Plaintiff Francisco Uriarte ("Plaintiff"), a state prisoner proceeding *pro se*, filed a motion to strike the answers of Defendants Martinez, Camaucho, Jenkin, Ritter and Rauper, pursuant to Federal Rule of Civil Procedure 12(f).[1]

On March 15, 2010, Defendants filed an opposition to the motion to strike. (Doc. No. 120.) In Reply, Plaintiff concedes that the motion to strike should be denied in regards to Defendants Camaucho, Jenkin, Ritter and Rauper. (Doc. No. 129 at 2.) Thus, the Court will only address the motion to strike in regards to Martinez.

---

[1] Plaintiff's motion comes fifty-six days after Defendants' served their Answer, far outside of the twenty-one day limit specified by FED. R. CIV. P. 12(f)(2). However, Plaintiff has submitted a letter — filed as a document discrepancy, nunc pro tunc — alleging that the 12(f) motion was originally submitted on December 30, 2009, but was never filed nor rejected by the Clerk of the Court. The docket does not reflect anything to justify Plaintiff's claim. Although most likely time barred, the Court will address the merits of Plaintiff's motion to strike.

First, Plaintiff argues that Martinez's Answer was not timely. On August 18, 2009, this Court granted a Rule 60 motion for reconsideration in Plaintiff's favor, which revived the claims against Martinez. (Doc. No. 95.) The Order did not, however, specify the time in which Martinez had to file an Answer. It could be argued that Martinez had sixty days because he had originally executed a waiver of service. See Fed. R. Civ. P. 12(a)(1)(A)(ii). The actual determination, however, was rendered moot when Plaintiff filed the First Amended Complaint ("FAC") on November 19, 2009. (Doc. No. 105.) See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).

Typically, Martinez's responsive pleading would have been due November 30, 2009. See FED. R. CIV. P. 15(a)(3) (2009) (superseded Dec 1, 2009) (the amended rule extends from 10 to 14 days the period to respond to an amended pleading). Martinez did not file his Answer until December 10, 2009. (Doc. No. 108.)

Martinez asserts that he was not required to file an Answer until after the Court had screened the FAC pursuant to 28 U.S.C. § 1915A(a). Although not required, Defendants chose to file their Answer for several reasons, one of which was to streamline the proceedings by preventing the Court from having to conduct an unnecessary screening of the FAC. (Doc. No. 120 at 6.) Having reviewed the moving papers, the Court agrees that Martinez was not required to file a responsive pleading in accordance with Rule 15 due to the nature of this proceeding, and thus, his Answer was not untimely.[2]

Second, Plaintiff claims that Martinez's answers are "non-responsive" and that they do not "admit or deny" the allegations of the FAC. (Doc. No. 115 at 2.) However,

---

[2] The Court agrees with Plaintiff that the applicability of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(g)(1) is somewhat vague as applied to Plaintiff's amended complaint. The Court has given Martinez the benefit of the doubt in this situation because this Court could have been more clear in regards to ordering the responsive pleading, and because Defendants' argument in regards to judicial economy is appreciated. Similarly, the Court gave Plaintiff the benefit of the doubt in regards to the timeliness of the filing of the instant motion. (See note 1.)

1  Rule 8(b)(5) clearly states: "[a] party that lacks knowledge or information sufficient to
2  form a belief about the truth of an allegation must so state, and the statement has the
3  effect of a denial."  Therefore, having reviewed the Answer, the Court finds that
4  Martinez's answers are legitimate denials based on a lack of information.

5  Lastly, Plaintiff argues that Martinez's Answer should be stricken because his
6  denials are a "complete duplicate" of the answer to the original complaint filed by the
7  other named defendants.  Having reviewed the Answer, the Court concludes this
8  challenge lacks merit for the same reason as stated above regarding Rule 8(b)(5).

9  In sum, having reviewed the moving papers, the Court finds that Plaintiff has not
10 shown he is entitled to the drastic remedy available under Rule 12(f) in regards to
11 Maritnez's Answer. See FED. R. CIV. P. 12(f).

12 As such, Plaintiff's motion to strike is **DENIED**. (Doc. No. 115.)

14 **IT IS SO ORDERED**.

16 DATED: July 14, 2010

_____
Hon. Thomas J. Whelan
United States District Judge