1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  FRANCISCO URIARTE,                          CASE NO.  06cv1558-MMA (WMc)

12                                Plaintiff,    **ORDER GRANTING IN PART
                                                AND DENYING IN PART**
13      vs.                                     **PLAINTIFF'S MOTION TO
                                                COMPEL DISCOVERY  FILED**
14  ARNOLD SCHWARZENEGGER, et al.,              **JANUARY 4, 2011**

15                                Defendants.   [Doc. No. 180]

16

17          On August 26, 2010, Francisco Uriarte ("Plaintiff"), a prisoner proceeding *pro se* and *in*

18  *forma pauperis* ("IFP") filed a second amended complaint ("SAC") alleging civil rights claims

19  under 42 U.S.C. § 1983. (Doc No. 146).  On January 4, 2011, Plaintiff filed a "Motion to Compel

20  Defendants' for Production of Documents, Set One and Set Two."  (Doc. No. 180).  Plaintiff's

21  motion encompasses two separate sets of requests for discovery.  On January 18, 2011, Defendants

22  filed an Opposition to the Motion to Compel.  (Doc. No. 184).  For the following reasons, the

23  Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.[1]

24  ///

25  ///

26  _____

27     [1] The disposition of this motion by the undersigned shall constitute an exclusive exception to
    the general distribution of case-related matters set forth by Civil Local Rule 72.1(b) and statutorily
    authorized by 28 U.S.C. §636(b)(1)(A).  Accordingly, the assigned magistrate judge shall continue
28  to "determine any pretrial motions, including discovery motions, other than the dispositive motions
    which are specified in 28 U.S.C. §636(b)(1)(A)." *See* Civ. L.R. 72.1(b).

1                                     **LEGAL STANDARD**

2          The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing

3 parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's

4 claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order

5 discovery of any matter relevant to the subject matter involved in the action." Id.  Relevant

6 information for discovery purposes includes any information "reasonably calculated to lead to the

7 discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id.

8 There is no requirement that the information sought directly relate to a particular issue in the case.

9 Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that

10 could bear on, any issue that is or may be presented in the case. Oppenheimer Fund, Inc. v.

11 Sanders, 437 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy

12 for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly,

13 district courts have broad discretion to limit discovery where the discovery sought is

14 "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

15 convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should

16 be imposed where the burden or expense outweighs the likely benefits. Id.

17          Similarly, a party may request the production of any document within the scope of Rule

18 26(b). Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that

19 inspection and related activities will be permitted as requested or state an objection to the request,

20 including the reasons." Id. at 34(b).  The responding party is responsible for all items in "the

21 responding party's possession, custody, or control." Id. at 34(a)(1).  Actual possession, custody or

22 control is not required.  Rather, "[a] party may be ordered to produce a document in the possession

23 of a non-party entity if that party has a legal right to obtain the document or has control over the

24 entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 620

25 (N.D.Cal.1995).

26                                       **DISCUSSION**

27          At the outset, the Court notes that Defendants primarily object to Plaintiff's requests

28 because they are untimely.  (Def. Opp. at 3).  Discovery in this case has been piecemeal and is in

1   need of strict management.  A review of the discovery disputes in this case shows both parties

2   allege improper conduct in the form of procedural irregularities against the other.  Rather than

3   address these allegations, the Court will focus its attention on the substantive discovery disputes to

4   insure the case is ultimately resolved on the merits and not on procedural technicalities.

5   **A.      Plaintiff's Request for Government Personnel Files**

6   Plaintiff's Request Nos. (Set No. One)  1, 3, 8, 10, 11, 21, 23 seek information of prior

7   misconduct that may be contained in the personnel records of  Defendant Jenkins, Defendant

8   Ritter, Defendant Camacho, Defendant Reed, Defendant Williams, Defendant Martinez, Defendant

9   Spence, Defendant Hurm, Defendant Jones and Defendant Ramirez.

10   Specifically, Plaintiff requests that Defendants provide Plaintiff with any and all grievances

11   filed against Defendants Jenkins, Ritter, Camacho, Reed, William, Spence, Jones, Ramirez and

12   Martinez.  Defendants do not specifically address any of Plaintiff's numbered requests for

13   production but object on the grounds of untimeliness, relevance, and privilege.  Each of these

14   objections will be addressed in turn.

15   **(i)      Untimeliness**

16   As stated above, based upon the irregular discovery schedule to date, the Court declines to

17   deny Plaintiff's request for discovery as untimely.  Therefore, Defendants' objection to Plaintiff's

18   discovery request on this ground is **OVERRULED**.

19   **(ii)      Relevance**

20   Plaintiff's request is relevant.  Prior misconduct by the Defendants may lead to admissible

21   evidence in support of Plaintiff's claims.

22   **(iii)      Privilege**

23   Here, Plaintiff has alleged violation of the Eighth Amendment pursuant to  42 US.C. §

24   1983.  Assertions of privilege in federal question cases are governed by federal common law.  Fed.

25   R. Evid. 501.  However, Defendants' privilege objections are erroneously based on state privacy

26   rights, as they cite only to state law and procedure.  For the purposes of resolving the pending

27   motion to compel, the Court construes Defendants' privacy objections in accordance with the

28   federally recognized privilege for official information.  "Government personnel files are

considered official information."  *Sanchez v.  City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).

It is well-settled that federal discovery rules 26 through 37 "have been interpreted liberally to allow maximum discovery." *Spell v.  McDaniel*, 591 F.  Supp.  1090, 1114 (1984 E.D. N.C.) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947).  Therefore, after review of Plaintiff's motion to compel, Defendants' response, and other applicable pleadings, the Court **ORDERS** as follows:

1.     Defendants shall produce a privilege log, and a copy of the requested personnel records for *in camera* review as set forth below;

2.     Discovery shall be limited to only the personnel records of Defendants Jenkins, Ritter, Camacho, Reed, Williams, Martinez, Spence, Hurm, Jones and Ramirez;

3.     Defendants shall lodge with Magistrate Judge McCurine's chambers, no later than ***October 31, 2011***: (a) a privilege log; and (b) a copy of the personnel records, for *in camera* review.

4.     Discovery shall further be limited to information relating only to alleged Eighth Amendment violations in the context of excessive force and/or deliberate indifference to a serious medical need.  In addition, discovery shall be limited in time from the date of the alleged incident, February 7, 2004, going back to January 1, 2000.

**B.     Plaintiff's Remaining Discovery Requests**

**(i)     Request No.  24 (Set No. One)**

Plaintiff seeks disclosure of "any and all documents that pertain to the above named defendants that are relevant and material to the subject matter of the present action."  (P's Mtn. to Compel at 13).  Defendants object to the request on the grounds that it is overly broad and the information sought is privileged.

Ruling:  The Court agrees Plaintiff's request is over broad, and **DENIES** Plaintiff's motion to compel the information sought by Request No.  24 (Set No. One).

**(ii)     Request No.  41 (Set No. One)**

Plaintiff seeks disclosure of any and all documents issued by the MAR committee with regard to evaluations and the prescribed treatment of Plaintiff's injuries that occurred on February

1  7, 2004.  Defendant contends that Plaintiff has already been provided the complete MAR file as

2  issued by the MAR Committee.

3    Ruling:  Based upon Defendants' representations, no further response is required and the

4  Court **DENIES** Plaintiff's motion to compel with respect to Request No. 41 (Set No. One).

5    **(iii)    Request No. 1 (Set No. 2)**

6    Plaintiff seeks disclosure of all grievances and complaints made against Defendant

7  Martinez regarding the mistreatment of inmates.  Defendants contend the request is vague,

8  ambiguous, overbroad, compound, irrelevant, and not likely to lead to the discovery of admissible

9  evidence.  (P's Exhibit G)

10    Ruling:  The information sought by this request is duplicative of Plaintiff's request for

11  production of the Defendants' personnel files.  Accordingly, the Court **DENIES** this request as

12  **MOOT.**  Information regarding grievances and complaints made against Defendant Martinez will

13  be produced for *in camera* review in accordance with the guidelines set forth by the Court in

14  response to Plaintiff's Request Nos. (Set No. One)  1, 3, 8, 10, 11, 21, 23.  *See, supra*, p.3:1-4:13.

15    **(iv)    Request No. 2 (Set No. Two)**

16    Plaintiff seeks any policy, instructions or other directives regarding "proper" use of the cell

17  doors installed December 3, 2003.  Defendants object to this request on the grounds that it is

18  vague, ambiguous as to time, overly broad, and seeks documents that may show subsequent

19  remedial measures have been taken, which are not discoverable.  However, Defendants agree to

20  produce all non-privileged documents relevant to Plaintiff's request that are not subject to any

21  objection noted herein.  (P's Exhibit G).

22    Ruling:  Plaintiff's request is **DENIED**.  Whether Defendants were instructed on the proper

23  use of the newly installed cell doors is not relevant to whether Defendants knowingly and

24  deliberately violated Plaintiff's Eighth Amendment rights.

25    **(v)    Requests No.  4, 5, 6, 7, 8, and 9 (Set No. Two)**

26    In each of these requests, Plaintiff seeks disclosure of any written reports or other

27  documentation regarding complaints against correctional officers who are not parties to this

28  litigation that were brought by inmates who are not parties to this litigation.  Defendants object on

1   the grounds that these requests are vague, over broad, irrelevant, and not calculated to lead to the

2   discovery of admissible evidence.  (Exhibit G)

3          <u>Ruling</u>: Plaintiff's requests seeks non-relevant information and is therefore **DENIED.**

4                  **(vi)     <u>Request No.  10</u>**

5          Plaintiff seeks disclosure of any grievances filed against Defendant Martinez.  Defendant

6   objects.

7          <u>Ruling</u>: This request is duplicative of two prior requests made by Plaintiff and is **DENIED**

8   as **MOOT**.  *See, supra*, p.3:1-4:13, 4:27-5:7.

9                                  <u>C</u><u>ONCLUSION</u>

10         For the reasons set forth above, Plaintiff's motion to compel [Doc. No. 180] is **GRANTED**

11  **IN PART** and **DENIED IN PART**.

12         **IT IS SO ORDERED.**

13  DATED:  September 29, 2011

14                                  Hon. Michael M. Anello
                                    United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28