# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>                                Plaintiff,<br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                               Defendants. | CASE NO. 06cv1558-MMA (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br>(ECF No. 192) |

This Report and Recommendation is submitted to United States District Judge Michael M. Anello, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California.

### I.    INTRODUCTION

On March 14, 2011, Francisco Uriarte ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis ("IFP"), filed a motion for leave to file a third amended complaint ("TAC") in order to add a new claim against defendants Hernandez, Ritter, and Jenkin. (ECF No. 192). Plaintiff also seeks to add a new defendant, Dr. Ivy Choo. (*Id*.) Plaintiff contends these defendants violated his Eighth Amendment rights by removing and/or destroying his "Medical Authorization Review" ("MAR") file from his medical records thereby depriving him of necessary care. (*Id*.) After a thorough review of plaintiff's motion, the Court concludes plaintiff has failed to demonstrate extraordinary circumstances as required by the Court's order granting plaintiff leave to file his second amended complaint. (ECF No. 145, pg. 2). Thus, it is **RECOMMENDED** that the Court **DENY** plaintiff's

motion.

## II. BACKGROUND

Plaintiff's underlying injury occurred on February 7, 2004. (ECF No. 192, pg. 7, ¶ 18). On August 2, 2006 plaintiff filed his original complaint. (ECF No. 1). Plaintiff asserts defendants denied him adequate medical care from 2004 to 2007 because the documentation of his injuries was removed from his MAR file at some point during that period. (ECF No. 196-1, pg. 6). The Court granted leave to file the first amended complaint ("FAC") on November 19, 2009 and the second amended complaint on August 26, 2010. (ECF Nos. 104, 145). In its order granting plaintiff leave to file his SAC, the Court stated: "In light of the procedural posture of this case . . . absent extraordinary circumstances, no further amendments shall be permitted." (ECF No. 145, pg. 2). Plaintiff knew his MAR records were incomplete on August 25, 2008. (EFC No. 133-2, ¶ 14). After unsuccessful informal attempts to locate his records, plaintiff signed his motion to compel the production of the MAR file on March 29, 2010. (ECF No. 133-2, ¶ 17). On March 14, 2011, plaintiff filed his motion for leave to file a TAC. (ECF No. 192).

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) mandates District Courts shall "freely give leave" to amend pleadings "when justice so requires." Courts typically use four or five factors to determine the propriety of a motion for leave to amend including bad faith, undue delay, prejudice to the other party, the futility of amendment, and the plaintiff's previous amendments to the complaint. *Compare Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (citing four factors), *with Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing five factors, including previous amendments), *and Loehr v. Ventura County Cmt. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984) (citing four factors). Although undue delay alone may not be a sufficient ground for denying leave, it is a relevant factor. *Loehr*, 743 F.2d at 1319. Likewise, a Court may consider the procedural posture of the case and its prior grants of leave to amend as factors relevant to the Court's own "broad discretion to grant or deny leave to amend." *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

## IV. DISCUSSION

Here, the Court granted plaintiff leave to amend twice. The Court granted leave to file the first

amended complaint ("FAC") on November 19, 2009 and the second amended complaint on August 26, 2010. (ECF Nos. 104, 145). Notably, plaintiff filed his first motion for leave to amend more than *twelve months* after he knew of the missing MAR record. Plaintiff did not include a new claim regarding the defendants' alleged negligent or intentional mishandling of his MAR file in his FAC. Nor did plaintiff include this claim in his SAC which plaintiff filed nearly *eight months* after his FAC. Thus, plaintiff had two previous opportunities to present his present claim yet failed to do so.

Moreover, once plaintiff knew his file was incomplete in 2008 he should have known the claim he now attempts to assert in his TAC was ripe. Plaintiff now asserts defendants denied him adequate medical care from 2004 to 2007 because the documentation of his injuries was removed from his MAR file at some point during that period. (ECF No. 196-1, pg. 6). Also, plaintiff's original complaint includes allegations of cover up and delay regarding the injury and subsequent medical attention from prison staff. (ECF No. 1, pg. 7, ¶ 23). Thus, plaintiff's injury and the cause of that injury should have been known to plaintiff by August of 2008 when plaintiff reviewed his MAR file. Plaintiff's subsequent attempts to compel discovery of the missing portions of the MAR file, as it might pertain to his other claims, neither alleviates his obligation to present a comprehensive complaint to vindicate his rights nor creates any new or extraordinary circumstances which justify the delay in presenting his present claim. Simply put, plaintiff has failed to demonstrate any circumstances to support his attempt to amend his complaint to include a claim he had notice of *at least two and a half years* prior to the present motion. Plaintiff's argument that his attempted discovery of the MAR file constitutes an extraordinary circumstance lacks merit because the discovery of the MAR file from 2007 onward and the alleged mishandling of that file before 2007 are separate and distinct issues.

Likewise, plaintiff fails to demonstrate any extraordinary circumstances for failing to include Dr. Choo as a defendant prior to March 14, 2011. The time-line of events suggests plaintiff could have attempted to include Dr. Choo much earlier in the litigation. Indeed, Dr. Choo treated plaintiff in 2004 and plaintiff identified Dr. Choo as early as August 3, 2008 in his requests for production. (ECF No. 133-2, Exh. D, pg. 2). Thus, the inclusion of Dr. Choo at this late stage suffers from the same infirmities as plaintiff's claim for deliberate indifference regarding his medical records.

Given the procedural posture of this case, plaintiff's knowledge of the MAR file's deficiency

in 2008, and the Court's Order granting the SAC and limiting future pleadings, the Court concludes that further undue delay would issue from a grant of plaintiff's motion. Thus, plaintiff's TAC is inconsistent with the expeditious resolution of this case and with the Court's prior order.

### V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **DENYING** Plaintiff's motion for leave to file a third amended complaint. **IT IS ORDERED** that no later than **November 2, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **November 14, 2011**. The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: October 12, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court