# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>                              Plaintiff,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br>                              Defendants. | CASE NO. 06cv1558-MMA (WMC)<br><br>**MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 158] |

       Plaintiff Francisco Uriarte is a California inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2010, Plaintiff filed a Second Amended Complaint, asserting claims against officials at R.J. Donovan Correctional Facility in San Diego, California.[1] Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[2] On October 7, 2010, Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint. On February 10, 2011, Plaintiff filed an opposition to the motion. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

---

[1] Plaintiff is currently incarcerated at Ironwood State Prison in Blythe, California.

[2] The following individuals are named as defendants in this action and have been served with Plaintiff's Second Amended Complaint: D. Cavender, I. Camacho, E. Contreras, J. Dresbach, R. Hernandez, K. Hurm, F. Jenkin, B. Jones, L. Lozano, M. Martinez, B. Oliveros, R. Ramirez, L. Raupe, P. Reed, S. Ritter, K. Spence, T. Stricklin, and F. Williams.

## BACKGROUND

This matter arises out of events occurring on or about February 7, 2004 during Plaintiff's incarceration at R.J. Donovan Correctional Facility.[3] According to Plaintiff, Defendant Correctional Officer Martinez was working the tower/control panel in Building 13. Plaintiff states that the door to his cell (number 146) was opened less than halfway. Plaintiff began to cross the threshold of the cell sideways because the opening was not large enough to accommodate the full width of his body. While Plaintiff was doing so, Defendant Martinez closed the cell door and crushed Plaintiff between the cell door and door jamb. Plaintiff's cell mate allegedly yelled to Defendant Martinez to open the door. Plaintiff asserts Defendant Martinez did not open the door until he had finished releasing the other inmates from their cells. Defendant Martinez "then slightly released the pressure and re-slammed the metal door upon Plaintiff's body" for a second time. [SAC ¶ 18.]

Plaintiff believed he had been seriously injured as a result of the cell door twice closing on him. Plaintiff requested medical treatment but Defendant Martinez refused to send him for medical attention. Plaintiff then requested assistance from Defendant Correctional Officer Hurm, who had witnessed the incident, but he also refused Plaintiff's request for medical attention. From February 7, 2004 to February 13, 2004, Plaintiff requested medical attention from Defendant Medical Technical Assistant ("MTA") Williams, Defendant Correctional Officer Jones, Defendant Correctional Officer Ramirez, Defendant Sergeant Spence, Defendant MTA Reed, and Defendant MTA Camacho. According to Plaintiff, each individual refused to authorize medical attention for Plaintiff.

On or about February 13, 2004, Defendant Dr. Jenkin examined Plaintiff. At Dr. Jenkin's instruction, Plaintiff's left side was x-rayed on February 17, 2004. The x-ray report indicated "[t]here is a healing fracture of the left 9th anterior rib. No other fractures visualized." [SAC Ex. "B."]. Plaintiff alleges he was not informed of the results of the x-ray, nor given proper medical attention, but when additional x-rays were taken on May 5, 2004, they revealed the healing

---

[3] All factual allegations are taken from Plaintiff's SAC, unless otherwise indicated. Because this matter is before the Court on a motion to dismiss, the Court must accept these allegations as true. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

1  fracture in his left 9th anterior rib, as well as an old fracture of the fifth right lateral rib; mild AC
2  osteoarthritis in his left shoulder; loss of normal cervical lordosis, and mild degenerative disc
3  disease in his cervical spine.

## LEGAL STANDARD

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when (1) they used excessive force against Plaintiff, and (2) were deliberately indifferent to his serious medical needs and exposed him to unsafe conditions of confinement. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. EXCESSIVE FORCE

Based on the events described above, Plaintiff alleges Defendants "needlessly and unreasonably subjected" him to "unnecessary and deadly force and threats of great bodily injury and death." [SAC ¶ 155.] Claims of excessive force arising "after conviction and sentence are analyzed under the Eighth Amendment's 'cruel and unusual punishment' analysis." *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000). When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992).

An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In determining whether a particular use of force was applied "in a good faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm," the court should consider such factors as the need for the use of force, the relationship between the need for force and the amount actually used, and the extent of the injury sustained by the prisoner. *See id.* at 321-22. Furthermore, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).

Defendants move to dismiss Plaintiff's Eighth Amendment excessive force claim against Defendants Hurm, Spence, Jones and Ramirez on the ground that Plaintiff's allegations do not "provide any plausible theory showing how these Defendants could have caused Plaintiff to be crushed by the cell door on February 7, 2004." [Doc. No. 158 at 14.] The Court considers the

allegations against these individual Defendants below.

### (A)   Defendant Hurm

Plaintiff alleges Defendant Hurm knew excessive force was being used and that Defendant Hurm was in a position to stop it. Defendant Hurm was the floor officer on duty, and witnessed the events which resulted in Plaintiff's injuries. However, Defendants argue "[a]fter two opportunities to amend his complaint, Plaintiff fails to allege concrete facts making a plausible showing that but for Officer Hurm's conduct, Plaintiff would not have suffered the injuries allegedly caused by Officer Martinez." [Doc. No. 158 at 13.]

The Ninth Circuit has held that "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in the violation imposed by someone else. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). A defendant may be held liable for failing to intervene when he had enough time to observe what was happening and to intervene in the conduct but failed to do so. *Lanier v. City of Fresno*, 2010 U.S. Dist. LEXIS 130459 at *17 (E.D. Cal. Dec. 8, 2010). Plaintiff's factual allegations support his claim against Defendant Hurm. Plaintiff alleges "C/O Hurm watched Plaintiff being crushed between the metal door and metal door frame. He refused to act or intervene in any manner whatsoever to defuse or prevent the unnecessary force and assault being committed by C/O Martinez." [SAC ¶ 19.]

Accepting Plaintiff's allegations as true, as the Court must on a motion to dismiss, the Court finds Plaintiff has sufficiently stated an Eighth Amendment excessive force allegation against Defendant Hurm. Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Hurm is **DENIED**.

### (B)   Defendants Spence, Jones, and Ramirez

Plaintiff's allegations against Defendants Spence, Jones, and Ramirez are insufficient to state a claim for excessive force. According to Plaintiff, although these three defendants were working on the day of the incident, none of them were present when Defendant Martinez injured him. Defendant Spence, the supervising officer, was stationed with Defendant Correctional Officers Jones and Ramirez at the door to the dining hall, monitoring the flow of inmates into and out of the facility for meal time. [SAC ¶¶ 56-59.] Plaintiff does not allege Defendants Spence,

1  Jones, or Ramirez inflicted pain upon Plaintiff maliciously or sadistically.  Indeed, Plaintiff's
2  allegations foreclose the possibility that they caused his injuries directly, or even failed to
3  intervene on his behalf.  As such, Plaintiff fails to state a plausible Eighth Amendment excessive
4  force claim against Defendants Spence, Jones, and Ramirez.  Plaintiff's own allegations
5  demonstrate that any attempt to amend his claim against these defendants would be futile.  *See*
6  *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.
7  1983) ("[F]utile amendments should not be permitted").

8  Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force
9  claim against Defendants Spence, Jones, and Ramirez is **GRANTED**.

10 **(C)    Remaining Defendants**

11 A liberal construction of Plaintiff's SAC suggests that his excessive force claim is also
12 brought against Defendants Hernandez, Oliveros, Contreras, Dresbach, Lozano, Bracamonte,
13 Macias, and Stricklin.[4]  [SAC ¶ 155.]  Thus, although these Defendants do not move to dismiss
14 Plaintiff's excessive force claim, the Prison Litigation Reform Act requires that the Court *sua*
15 *sponte* dismiss any portions of a prisoner's complaint which are frivolous, malicious, fail to state a
16 claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B);
17 *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  After reviewing Plaintiff's
18 SAC, the Court finds that Plaintiff fails to state an excessive force claim against these Defendants,
19 none of whom are alleged to have been present or personally involved in the application of force
20 which resulted in Plaintiff's injuries.

21 Accordingly, Plaintiff's Eighth Amendment excessive force claim against Defendants
22 Hernandez, Oliveros, Contreras, Dresbach, Lozano, Bracamonte, Macias, and Stricklin are *sua*
23 *sponte* dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2).  Dismissal is with prejudice.  *Bonin*
24 *v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996).

25 **II.    DELIBERATE INDIFFERENCE**

26 Plaintiff alleges that Defendants "deliberately, knowingly, and/or negligently failed to
27 come to his aid" and "interfered with his right to seek redress for his injuries."  [SAC ¶ 155.]  The
28

---

[4] Defendants Bracamonte and Macias were served with the Second Amended Complaint on October 5 and 7, 2011, and have not yet filed a response.  [Doc. Nos. 207 & 209.]

crux of this litigation is the purported failure of Defendants to recognize, acknowledge, or treat the injuries Plaintiff sustained as a result of Defendant Martinez's actions.  Plaintiff claims that his requests for medical attention were repeatedly denied, his injuries were not fully diagnosed until months after the events in question, and he never received adequate medical care.[5]  Although not addressed specifically by Defendants in the motion to dismiss, Plaintiff also alleges an Eighth Amendment conditions of confinement claim based on the unsafe cell door.  [*Id*. (referring to "improper conditions of confinement").]

Defendants Hernandez, Oliveros, Contreras, Dresbach, Lozano, Stricklin, Cavender, Ritter, and Raupe move to dismiss Plaintiff's deliberate indifference claims against them.[6]  Defendants argue that Plaintiff fails to state a plausible claim because he improperly attempts to impose liability (1) based on their supervisory roles, and/or (2) based on their handling of his administrative grievances.

Deliberate indifference to a serious medical need presents a cognizable claim for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).  "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"  *Hudson v. McMillan*, 503 U.S. 1, 112 S.Ct. 995, 998 (1992).  "Such indifference may be manifested in two ways.  It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which

---

[5] According to Plaintiff, Defendants Hernandez, Contreras, Dresbach, Oliveros, Lozano and Cavender are barred from challenging his deliberate indifference claim because Magistrate Judge McCurine's previous report and recommendation [Doc. No. 57] held "there was sufficient evidence to overcome Defendants' initial motion to dismiss." [Doc. No. 174, p.12.]  Plaintiff asserts the law of the case doctrine bars the Court from now granting Defendants' motion to dismiss on the same ground the Court rejected in February 2008.  However, Judge McCurine did not conclude that Plaintiff stated a plausible Eighth Amendment claim against these defendants, but rather noted that Plaintiff "may" have been able to do so under a *Monell* theory of liability.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  Judge McCurine did not ultimately reach the question, however, because he determined Plaintiff failed to exhaust his claim.  And although the Court subsequently found the claim properly exhausted [Doc. No. 95], the Court has not previously considered the sufficiency of the claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

[6] Moving Defendants Hurm, Spence, Jones, and Ramirez do not move to dismiss this claim against them.

1  prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.
2  1988).

3  The Ninth Circuit has held that prior to finding a violation of a prisoner's rights "the
4  indifference to his medical needs must be substantial. Mere 'indifference," "negligence," or
5  "medical malpractice" will not support this cause of action." *Broughton v. Cutter Laboratories*,
6  622 F.2d 458, 460 (9th Cir. 1980) (internal citations omitted). "[A] complaint that a physician has
7  been negligent in diagnosing, or treating a medical condition does not state a valid claim of
8  medical mistreatment under the Eighth Amendment. Medical malpractice does not become a
9  constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even
10  gross negligence is not sufficient to establish deliberate indifference to a serious medical need.
11  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

12  Furthermore, "a difference of opinion between a prisoner-patient and prison medical
13  authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662
14  F.2d 1337, 1344 (9th Cir. 1981) (internal citations omitted). For a plaintiff to prevail, he must
15  show that the course of treatment the doctors chose was medically unacceptable under the
16  circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to
17  plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations
18  omitted).

19  Finally, where a prisoner alleges injuries stemming from unsafe conditions of confinement,
20  prison officials may be held liable only if they acted with "deliberate indifference to a substantial
21  risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

22  **(A)    Defendants Hernandez, Contreras, Dresbach, Lozano, and Cavender**

23  These Defendants hold various supervisory positions, and argue that they cannot be held
24  liable on that basis alone. Supervisory personnel are generally not liable under section 1983 for
25  the actions of their employees under a theory of respondeat superior and, therefore, when a named
26  defendant holds a supervisory position, the causal link between him and the claimed constitutional
27  violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);
28  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state

1  a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must
2  allege some facts that would support a claim that supervisory defendants either: personally
3  participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
4  act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is
5  a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
6  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880
7  F.2d 1040, 1045 (9th Cir. 1989).

8        Plaintiff fails to state a plausible claim for relief against Defendant Warden Hernandez.
9  Plaintiff does not allege that Defendant Hernandez personally participated in his purportedly
10  deficient medical treatment, nor that he implemented an unconstitutional policy. According to
11  Plaintiff, Defendant Hernandez knew of the unsafe conditions created by the cell door, and knew
12  that Plaintiff had suffered injury as a result of being crushed by the cell door. [SAC ¶¶ 92-94.]
13  However, Plaintiff also alleges that less than two weeks after receiving a letter from Plaintiff's
14  wife regarding the incident and injuries, Defendant Hernandez intervened and took affirmative
15  steps to effect the repair of the cell door. [SAC ¶ 94; Exhibit "J."] Based on these allegations,
16  Plaintiff pleads himself out of a claim against Defendant Hernandez.

17        Plaintiff similarly fails to state a claim against Defendant Associate Wardens Contreras and
18  Dresbach, Defendant Correctional Captain Lozano, and Defendant Correctional Plant Manager
19  Cavender.[7] Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate
20  indifference claim against Defendants Hernandez, Contreras, Dresbach, Lozano, and Cavender is
21  **GRANTED**.

22        **(B)    Defendants Stricklin, Oliveros, Raupe, and Ritter**

23        Plaintiff alleges that these Defendants knew about his injuries and medical needs, as well
24  as the unsafe conditions caused by his cell door, but ignored his administrative grievances which
25  sought medical attention and an investigation into Defendant Martinez and the cell door.
26  Although Defendants argue that they may not be held liable based exclusively on their supervisory

---

[7] Furthermore, after reviewing Plaintiff's allegations, the Court *sua sponte* dismisses Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Macias pursuant 28 U.S.C. § 1915(e)(2)(B).

1  roles, Plaintiff clearly alleges that each of these individuals either personally participated in the
2  deprivation of his constitutional rights, or knew his rights were being violated and failed to
3  intervene.

4  Defendants also argue that liability may not be based on the actions they took in response
5  to Plaintiff's administrative grievances.  Defendants are correct that the prison grievance
6  procedure does not confer any substantive rights under the Fourteenth Amendment upon inmates,
7  and actions in reviewing and denying inmate appeals cannot serve as a sole basis for liability under
8  section 1983.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d
9  639, 640 (9th Cir. 1988).  However, a plaintiff may establish liability on the part of defendants
10 involved in the administrative grievance process under the Eighth Amendment by alleging that his
11 appeal put the defendants on notice that he had a serious medical need that was not being met, and
12 that their denial therefore constituted deliberate indifference to his medical need.  *See Wood v.*
13 *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that prison officials manifest a
14 deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere
15 with medical treatment).

16 For example, Plaintiff alleges that Defendant Chief Medical Officer Ritter "delayed and
17 refused to expedite Plaintiff for treatment for MRI diagnosis."  [SAC ¶ 76.]  Plaintiff claims that
18 Defendant Health Care Appeals Coordinator Raupe was deliberately indifferent to his "complaints
19 to his severe injuries of fractured bones, muscle strains, and the pain he suffered from these
20 injuries."  [SAC ¶ 78.]  Plaintiff contends that both Defendants Raupe and Ritter "followed Dr.
21 Jenkin's inadequate medical care to Plaintiff.  It took 8 months of fragment [sic] diagnosis to find
22 some" of his injuries.  [SAC ¶ 85.]  Construing the SAC in the light most favorable to Plaintiff,
23 Defendants Raupe and Ritter denied Plaintiff's appeal for medical attention and adequate
24 treatment despite their awareness that Plaintiff was in need of such treatment.  These actions
25 directly impacted Plaintiff's serious medical needs.  These allegations are sufficient to withstand
26 the instant motion to dismiss.

27 Similarly, Plaintiff alleges Defendant Program Sergeant Stricklin and Defendant Deputy
28 Warden Oliveros did not fairly or timely investigate his administrative grievance.  Plaintiff claims

that Defendant Stricklin was deliberately indifferent to Plaintiff's medical needs and engaged in a cover-up on behalf of Defendant Martinez by the manner in which Defendant Stricklin responded to his grievance at the informal level. [SAC ¶ 101.] Plaintiff makes the same allegations against Defendant Oliveros based on his processing of the grievance at the second formal level of review. [SAC ¶ 107.] Plaintiff alleges that Defendant Oliveros "meritless [sic] partially granted Plaintiff's 602 administrative appeal log no. RJD-04-979 for medical care only." [SAC ¶ 108.] These allegations are sufficient to survive a motion to dismiss.

Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Stricklin, Oliveros, Raupe, and Ritter is **DENIED**.

## IV.   CONSPIRACY CLAIM

In his First Amended Complaint, Plaintiff alleged a separate conspiracy cause of action against certain Defendants pursuant to 42 U.S.C. § 1985(3). [FAC ¶ 160.] Defendants argue that Plaintiff did not re-allege the claim in the SAC and thus has abandoned it. Although he does not set forth a separate conspiracy cause of action, throughout the SAC Plaintiff refers to a conspiracy among the defendants to conceal Defendant Martinez's wrongdoing and the faulty nature of the cell door, and to deprive Plaintiff of adequate medical care. As such, the Court liberally construes Plaintiff's SAC as attempting to allege a conspiracy cause of action, and addresses the sufficiency of the claim pursuant to Rule 12(b)(6).

Section 1985(3) proscribes conspiracies that deny equal protection of the law or equal privileges and immunities. *Coverdell v. Department of Social & Health Services*, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either Section 1985(2) or Section 1985(3). *Bretz v. Kelman*, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). In addition, a plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. *Sever*

1  *v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  A mere allegation of conspiracy
2  without factual specificity is insufficient to state a claim under section 1985.  *Sanchez v. City of*
3  *Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991).

4      Plaintiff randomly alleges conspiratorial cover-ups that are exactly the kind of vague and
5  conclusory allegations that cannot withstand a motion to dismiss.  Accordingly, the Court
6  **GRANTS** Defendants' motion and dismisses with prejudice any conspiracy claims that Plaintiff
7  may have been attempting to re-allege in his SAC.

8  **V.   QUALIFIED IMMUNITY**

9      Defendants Hernandez, Oliveros, Contreras, Dresbach, Lozano, Stricklin, Cavender, Ritter,
10  and Raupe claim entitlement to qualified immunity from suit, arguing that they did not violate
11  Plaintiff's constitutional rights.

12      "Government officials enjoy qualified immunity from civil damages unless their conduct
13  violates 'clearly established statutory or constitutional rights of which a reasonable person would
14  have known.'"  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*,
15  457 U.S. 800, 818 (1982)).  When presented with a qualified immunity defense, the central
16  questions for the court are:  (1) whether the facts alleged, taken in the light most favorable to
17  Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right; and
18  (2) whether the right at issue was "clearly established" at the time it is alleged to have been
19  violated.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Although *Saucier* originally required the
20  Court to answer these questions in order, the U.S. Supreme Court has recently held that "while the
21  sequence set forth there is often appropriate, it should no longer be regarded as mandatory."
22  *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009).

23      Plaintiff's Eighth Amendment rights were clearly established in 2004, and Plaintiff has set
24  forth sufficient allegations that Defendants Stricklin, Oliveros, Raupe, and Ritter acted with
25  deliberate indifference to his serious medical needs.  The Court cannot find on the current record
26  that Defendants Stricklin, Oliveros, Raupe, and Ritter are protected by qualified immunity.

27      Because the Court has found that Plaintiff fails to allege facts sufficient to show that
28  Defendants Hernandez, Cavender, Contreras, Dresbach, and Lozano violated his constitutional

1  rights, it need not further decide whether these defendants are entitled to qualified immunity.  *See*

2  *Saucier*, 533 U.S. at 201 (if the Court finds that Plaintiff's allegations do not make out a statutory

3  or constitutional violation, "there is no necessity for further inquiries concerning qualified

4  immunity.").

   Accordingly, Defendants' motion to dismiss Defendants Hernandez, Oliveros, Contreras, Dresbach, and Cavender on the basis of qualified immunity is **DENIED AS MOOT**.  Defendants' motion to dismiss Defendants Stricklin, Oliveros, Raupe, and Ritter on this basis is **DENIED**.

### VI.  CONCLUSION AND ORDER

For all the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.  Accordingly,

**IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Hurm is **DENIED**;

2. Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force claim against Defendants Spence, Jones, and Ramirez is **GRANTED** and this claim is **DISMISSED** with prejudice;

3. Plaintiff's Eighth Amendment excessive force claim against Defendants Hernandez, Oliveros, Contreras, Dresbach, Lozano, Bracamonte, Macias, and Stricklin is *sua sponte* **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) & (2);

4. Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Hernandez, Contreras, Dresbach, Lozano, and Cavender is **GRANTED** and this claim is **DISMISSED** with prejudice;

5. Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Stricklin, Oliveros, Raupe, and Ritter is **DENIED**;

6. Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Macias is *sua sponte* **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) & (2);

7. Defendants' motion to dismiss Plaintiff's conspiracy claim is **GRANTED** and this claim is **DISMISSED** with prejudice;

1    7.    Defendants' motion to dismiss Defendants Hernandez, Contreras, Dresbach, Lozano, and Cavender on the basis of qualified immunity is **DENIED AS MOOT**;

    8.    Defendants' motion to dismiss Defendants Stricklin, Oliveros, Raupe, and Ritter on the basis of qualified immunity is **DENIED**.

In sum, Plaintiff's Eighth Amendment excessive force claim against Defendants Martinez and Hurm has not been dismissed.  Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Martinez, Hurm, Spence, Williams, Reed, Jones, Jenkin, Camacho, Ramirez, Bracamonte, Stricklin, Oliveros, Raupe, and Ritter has not been dismissed.  These are the only remaining claims and defendants in this case.  The remaining Defendants shall file an answer to Plaintiff's Second Amended Complaint on or before *November 11, 2011*.

**IT IS SO ORDERED**.

DATED: October 18, 2011

Hon. Michael M. Anello
United States District Judge