UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>                             Plaintiff,<br><br>   vs.<br><br><br>ARNOLD SCHWARZENEGGER *et al.*,<br><br>                            Defendants. | CASE NO. 06 CV 01558 MMA (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 211]<br><br>**DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 192] |

### BACKGROUND

Plaintiff Francisco Uriarte, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to United States Magistrate Judge William McCurine, Jr. pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. On March 14, 2011, Plaintiff submitted a motion for leave to file a third amended complaint, to add a new defendant and a new claim for "deliberate indifference" against Defendants Hernandez, Ritter and Jenkin. [Doc. No. 192.] Defendants opposed Plaintiff's motion on March 23 [Doc. No. 193] and Plaintiff filed a reply on April 12 [Doc. No. 196].

/ / /

## DISCUSSION

On October 12, 2011, Judge McCurine issued a well-reasoned and thorough Report containing findings and conclusions, upon which he bases his recommendation that the Court deny Plaintiff's motion to file a third amended complaint. [Doc. No. 211.] On November 14, 2011, Plaintiff filed Objections to the Report. [Doc. No. 232.] Defendants did not object to Judge McCurine's Report, nor file a reply to Plaintiff's objections.

Under 28 U.S.C. § 636(b)(1)(C), in reviewing the magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Here, Plaintiff objects to the Report on the grounds that the Magistrate Judge applied the incorrect legal standard and therefore failed to consider the factors identified by the Ninth Circuit to determine whether leave to amend should be permitted. The Court has considered the merits of each of Plaintiff's objections and conducted a *de novo* review of the entire record and Report. Upon due consideration, the Court overrules Plaintiff's objections and finds that Judge McCurine correctly recommended that Plaintiff's motion for leave to amend be denied.

Judge McCurine identified the correct legal standard, considered relevant case law, analyzed the applicable factors identified by the Ninth Circuit, and reached sound conclusions that this Court has no reason to reject. Plaintiff concedes Judge McCurine's recommendation is based on his conclusion that three considerations weigh in favor of denying Plaintiff's motion. Nevertheless, Plaintiff asserts the Court must also find bad faith, futility of amendment, or prejudice to Defendants, to deny his motion for leave to amend. [Doc. No. 232, p.5-6.] Plaintiff's position is without merit.

Contrary to Plaintiff's assertion, the law does not require the Court to *expressly* consider each of the five factors in every case; in many cases, some factors will be more probative and warrant more discussion than others. *See, e.g., Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (finding two factors dispositive). Here, Judge McCurine reasonably concluded the relevant factors weighed in favor of denying Plaintiff's request for leave to amend.

For example, the Report correctly notes the Court already granted Plaintiff leave to amend his complaint twice. Since initiating this action in 2006, Plaintiff has had ample opportunity to amend his claims. In addition, when the Court granted Plaintiff's second request for leave to amend on August 26, 2010, the Court expressly advised Plaintiff that, "absent extraordinary circumstances, no further amendments shall be permitted." [Doc. No. 145.] Thus, Judge McCurine properly concluded the "prior amendment" factor does not weigh in Plaintiff's favor, as he has not identified any extraordinary circumstances that justify an additional amendment at this late stage. *Sisseton-Wahpeton Sioux Tribe,* 90 F.3d at 355 ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Similarly, Plaintiff's objection that Judge McCurine should not have considered the procedural posture of this action, because it is not a factor identified by the Ninth Circuit, is also without merit. The procedural posture of this action directly bears on the "undue delay" factor. As the Ninth Circuit stated in *AmerisourceBergen*, "in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (2006) (citations omitted). The Report expressly notes Plaintiff should have known about the claim he seeks to add against Defendants Hernandez, Ritter and Jenkin since approximately August 2008, but he did not request leave to amend until March 2011. The Ninth Circuit has held "that an eight month delay between the time of obtaining a relevant fact and seeking [] leave to amend is unreasonable." *Id.* (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)). The Court finds Plaintiff's purported explanation for the delay unpersuasive.

Accordingly, the Court concludes the Report sufficiently considers the applicable factors set forth by the Ninth Circuit, and Judge McCurine appropriately concluded two factors—undue delay and prior amendments—are controlling given the factual background and procedural posture of this action.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds Judge McCurine's Report and

1  Recommendation to be supported by the record and based on a proper analysis.  Accordingly, the

2  Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** Plaintiff's motion

3  requesting leave to file a Third Amended Complaint.

4      **IT IS SO ORDERED.**

5  DATED:  December 19, 2011

6                                Hon. Michael M. Anello
                              United States District Judge