# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE,<br><br>　　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 06cv1558-CAB (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 238) |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, has filed a motion to appoint counsel. (ECF No. 238). This is Plaintiff's third motion to appoint counsel. (ECF Nos. 45, 72). After reviewing Plaintiff's first motion to appoint counsel, the Court concluded "Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims." (ECF No. 56). Accordingly, the Court denied Plaintiff's first motion to appoint counsel because Plaintiff failed to demonstrate exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Similarly, after reviewing Plaintiff's second motion to appoint counsel, the Court concluded Plaintiff failed to demonstrate any new exceptional circumstances required for an appointment of counsel. (ECF No. 77).

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564,

1  569 (9th Cir. 1995).

2  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the current motion, Plaintiff presents essentially the same arguments and facts from his prior motions to appoint counsel, e.g., Plaintiff is not a native English speaker, discovery is complex, the issues are complex, etc. Despite these alleged deficiencies, the Court finds Plaintiff is well versed in the factual and legal issues involved in this case and has consistently demonstrated a high aptitude for litigating his claims. The Court bases this finding not only on Plaintiff's numerous and reasoned filings, but also on Plaintiff's oral discourse with the Court. Accordingly, Plaintiff's alleged reliance on another inmate for drafting and research assistance has not diminished his own ability to understand and argue the legal and factual issues of his case. Even assuming, *arguendo*, Plaintiff's claims have a moderate to high likelihood of success on the merits, the Court nevertheless concludes Plaintiff has failed to demonstrate the "exceptional circumstances" necessary to grant the motion because Plaintiff has consistently demonstrated a high aptitude for litigating his claims and because the Court does not find the issues to be so complex as to justify the appointment of counsel.

Accordingly, Plaintiff's motion is denied without prejudice.

**IT IS SO ORDERED**.

DATED: February 23, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court