1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

FRANCISCO URIARTE,

CASE NO. 06-cv-1558-CAB (WMc)

12

Plaintiff,

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE

vs.

13

14

ARNOLD SCHWARZENEGGER, et. al,

[ECF No. 249]

15

Defendants.

16

### INTRODUCTION

17
18
19
20
21

Plaintiff, a state prisoner proceeding *pro se*, filed a motion to strike portions of Defendants' Amended Answer to Plaintiff's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(f). Additionally, Plaintiff seeks to strike affirmative defenses twelve, thirteen, fifteen, and sixteen from Defendants' Amended Answer. (ECF No. 249 at 1-2.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike.

22

### BACKGROUND

23
24
25
26
27

On August 2, 2006, Plaintiff Francisco Uriarte filed a complaint alleging he was crushed between a metal cell door and the metal doorframe by a correctional officer at the Richard J. Donovan Correctional Facility. (ECF No. 146 at 9.)  In his complaint, Plaintiff asserts three causes of action under the Civil Rights Act 42 U.S.C. § 1983 and one cause of action under the Product Liability Act. (ECF No. 146 at 58-61.)

28

1    On November 9, 2011, Defendants answered Plaintiff's SAC and asserted seventeen

2  affirmative defenses. (ECF No. 224.) On January 3, 2012, Plaintiff filed a motion to strike portions

3  of Defendants' answer and to strike affirmative defenses twelve, thirteen, fifteen, and sixteen in their

4  entirety. (ECF No. 249 at 1, 2.) Defendants did not file an opposition to Plaintiff's motion to strike.

5                                 **PLAINTIFF'S ARGUMENT**

6        **The Court Should Strike Defendant's Waiver of Claim Argument Because it is**
         **Redundant and Impertinent.**

7

8        Plaintiff requests the Court strike Defendant's argument that Plaintiff waived his policy-driven

9  liability claim as redundant and impertinent. (ECF No. 249 at 9.) Specifically, Plaintiff seeks to strike

10  the following language from Defendants' answer:

11            Defendants further note that Plaintiff did not re-allege his claim founded
              on policy-driven liability in the SAC (*see* SAC at 49-53, "Claims for
12            Relief," *and compare* FAC at 49, Claim I). By not re- alleging this
              claim, Plaintiff has waived it. *King v. Atiyeh*, 814 F.2d 565, 567 (9th
13            Cir. 1987)

14  (ECF No. 224 at 8, 90, 93.)

15        Plaintiff asserts Defendants' response in paragraphs 8, 90, and 93 is erroneous because

16  Plaintiff's policy-driven liability claim has not been waived. (ECF No. 249 at 9.) Plaintiff contends

17  he re-alleged his policy-driven liability claim in the "Statement of Claims" section of the SAC. (ECF

18  No. 249 at 9.) Moreover, Plaintiff asserts he originally alleged his policy-driven liability claim under

19  "Claim 1" of the "Claims for Relief" section of the First Amended Complaint ("FAC"). (ECF No. 249

20  at 9.) "Claim 1" of the FAC however, was directed at Defendants Schwarzenegger, Tilton, Hickman,

21  Woodford and Szekreny who were dismissed from the suit. (ECF No. 249 at 9.) Plaintiff reasoned

22  re-alleging his policy-driven liability claim under this section would have been futile as the

23  Defendants for whom the claim was directed towards had been dismissed. (ECF No. 249 at 9.)

24  Plaintiff therefore re-alleged his policy-driven liability claim towards Defendants Hernandez,

25  Contreras, Dresbach, Oliveros, Lozano, and Cavendar in the "Statement of Claims" section of the

26  SAC. (ECF No. 249 at 9.) Accordingly, Plaintiff asserts his policy-driven liability claim is not waived

27  and thus Defendants' waiver argument should be stricken as "redundant or impertinent" pursuant to

28  Rule 12(f). (ECF No. 249 at 9.)

**The Court Should Strike Defendants' Twelfth, Thirteenth, Fifteenth, and Sixteenth Affirmative Responses as Insufficient.**

Plaintiff requests the Court strike Defendants' twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses as insufficient. (ECF No. 249 at 2.) Plaintiff contends the following affirmative defenses should be stricken because there are no facts in the SAC to support Defendants' affirmative defenses. (ECF No. 249 at 11-12.)

Twelfth Affirmative Defense: Plaintiff's Conduct Contributed to His Injuries

All happenings, events, damages, and injuries referred to in the SAC were proximately caused and contributed by Plaintiff's own conduct in that he failed to exercise ordinary care at the alleged times and places, or by his own deliberate conduct Plaintiff caused the damages and injures alleged. (ECF No. 224 at 16.)

Thirteenth Affirmative Defense: Assumption of Risk

Plaintiff willingly, voluntarily, and knowingly assumed all the risks and hazards involved in the activities referred to in the SAC, and his assumption of risk actually or proximately caused the injuries or damages alleged. (ECF No. 224 at 16.)

Fifteenth Affirmative Defense:  Pre-existing Injuries

Any and all damages and injuries referred to in the SAC were proximately caused by Plaintiff's activities or misconduct, and were sustained by him on prior occasions, before the events alleged to have occurred in the complaint. (ECF No. 224 at 16.)

Sixteenth Affirmative Defense: Intervening Third-Party Liability

Plaintiff's injuries or damages, if any, were caused in whole or in part by the negligence or fault of third persons for whom Defendants are in no way responsible. Should Plaintiff recover damages against Defendants, Defendants are entitled to have the amount abated, apportioned, or reduced to the extent any other party's negligence caused or contributed to damages, if any. (ECF No. 224 at 17.)

## LEGAL STANDARDS

**Motion To Strike**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function

of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). At the same time, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal*., N.A., 290 F. Supp.2d 1101, 1152 (C.D. Cal. 2003). Indeed, a motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979); *see also* Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec*. *People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." *Wyshack*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (emphasis added); *Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed.Appx. 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley*, 355 U.S. at 47. It does not, however, require a detailed statement of facts. *Id.* at 47–48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility*, LLC, 657 F. Supp. 1140, 1149–50 (N.D. Cal. 2009).

A court may also strike  responses that are immaterial or impertinent. Fed. R. Civ. Pro. 12(f). An immaterial response "has no essential or important relationship to the claim for relief of the defense being pleaded." Impertinent responses does not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings

liberally and must afford plaintiff the benefit of any doubt. *Karim-Panachi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1998); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc).

## ANALYSIS

### The Court Grants Plaintiff's Motion to Strike Defendants' Responses

After a thorough review of the pleadings, the Court confirms Plaintiff re-alleged his policy-driven liability claim in the "Statement of Plaintiff's Claims" section of the SAC. Additionally, Plaintiff re-alleges and reaffirms all the allegations in Paragraphs 1 through 153, including the policy-driven liability claim, in the "Claims for Relief" section of the SAC. Thus, Defendants' argument lacks merit and as such has "no possible bearing on the subject matter of the litigation. *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

The Court finds Plaintiff's policy-driven claim is not waived. Accordingly, this Court **GRANTS** Plaintiff motion to strike the following language in paragraphs, 8, 90, and 93 of Defendants' Answer to Plaintiff's SAC:

> Defendants further note that Plaintiff did not re-allege his claim founded on policy-driven liability in the SAC (*see* SAC at 49-53, "Claims for Relief," *and compare* FAC at 49, Claim I). By not re- alleging this claim, Plaintiff has waived it. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

(ECF No. 224 at 8, 90, 93.)

### The Court Denies Plaintiff's Motion to Strike Defendants' Affirmative Defenses

The Court finds Defendants' twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses sufficient to provide Plaintiff with fair notice because each paragraph provides the nature and grounds for each stated defense as opposed to bare legal conclusions. *See CTF Development, Inc. v. Penta Hospitality, LLC,* No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) Accordingly, Plaintiff has not persuaded the Court that he lacks "fair notice" of these affirmative defenses. Thus, the Court **DENIES** Plaintiff's motion to strike the twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses.

*///*

1

**CONCLUSION**

2          Plaintiff's motion to strike portions of Defendants' answer and affirmative defenses is

3  **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to strike Defendants' response

4  following the denial in paragraphs 8, 90, and 93 of Defendants' Answer to Plaintiff's SAC is

5  **GRANTED**. The Court **DENIES** Plaintiff's motion to strike Defendants' twelfth, thirteenth,

6  fifteenth, and sixteenth affirmative defenses.

7          **IT IS SO ORDERED**.

8           DATE: May 4, 2012

9

10                                                     Hon. William McCurine, Jr.
                                                       U.S. Magistrate Judge
11                                                     United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28