# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO URIARTE, | Civil No. 3:06-cv-01558-CAB (WMc) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL LOCATION OF DEFENDANT CRAWFORD |
| vs. | |
| SCHWARZENEGGER, et al,, | (ECF No. 251) |
| Defendant. | |

## I. Introduction

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP") filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff requests an order compelling Defendants to find Defendant Crawford's present address or location so that the U.S. Marshal can serve Defendant Crawford with a copy of the summons and complaint. For the reasons discussed below, Plaintiff's Motion to Compel the Location of Defendant Crawford is **DENIED**.

## II. Background

On August 2, 2006, Plaintiff filed his Complaint. (ECF No. 1.) On February 7, 2007, the Court granted IFP status and directed the U.S. Marshal to effect service on Defendants. (ECF No. 8.) Service on Defendants Crawford, Bracamonte, and Macias was returned un-executed on March 27, 2007. (ECF Nos. 15, 16, 17.)

In May 2007, the majority of the Defendants waived service, but Defendants Crawford, Bracamonte, and Macias did not. On April 25, 2007, Plaintiff filed a motion to compel the location

of the unserved defendants including Crawford, Bracamonte, and Macias. (ECF No. 23.) On March 10, 2008, the Court denied without prejudice Plaintiff's motion to compel the locations of Defendants pending resolution of Defendants' motion to dismiss. (ECF Nos. 47, 62.)

On January 4, 2011, Plaintiff filed a second motion to compel the location of Defendants Crawford, Macias, and Bracamonte. (ECF No. 179.) Plaintiff specifically requested an order compelling the Defendants or the California Department of Corrections and Rehabilitation ("CDCR") to reveal the last known location of the Defendants. On September 21, 2011, the Court found good cause to grant Plaintiff's motion. (ECF No. 199.) The Court ordered the Deputy Attorney General assigned to this case to provide the forwarding address for Defendants Crawford, Macias, and Bracamonte to the U.S. Marshal in a confidential memorandum indicating that the summons and complaint is to be delivered to that address. (ECF No. 199.)

The U.S. Marshal successfully served Defendants Macias and Bracamonte but was unable to serve Defendant Crawford at the forwarding address. (*See* ECF Nos. 207, 208, 209.) The un-executed summons indicated the U.S. Marshal attempted service twice. On the second attempt the new homeowner indicated that Defendant Crawford no longer lived at the address. (ECF No. 208.)

### III.     Plaintiff's Argument

Plaintiff contends it is necessary to locate Crawford because Crawford is the last unserved Defendant. (ECF No. 251 at 4.) Plaintiff argues the Court should compel Defendants to locate Crawford because he is incarcerated and does not have the means to locate Crawford. (ECF No. 251 at 9.) Plaintiff also argues serving Crawford would be beneficial to all the parties in this action because Plaintiff and Defendants have agreed to commence settlement discussions. (ECF No. 251 at 4.) Finally, Plaintiff contends it would waste judicial resources to exclude Crawford from the settlement discussions. (ECF No. 251 at 4.) Defendants did not file an opposition to Plaintiff's motion.

### IV.     Applicable Law

"[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action

1 dismissed for failure to effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).
2 So long as the prisoner has furnished the information necessary to identify the defendant, the
3 marshal's failure to effect service of process is automatically good cause within the meaning of
4 Rule 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Thus, as long as the
5 privacy of the defendants forwarding addresses can be preserved, a plaintiff *should be* entitled to
6 rely on the U.S. Marshal to effect service upon those defendants on his behalf. *See Puett*, 912 F.2d
7 at 275.

8 However, a "plaintiff may not remain silent and do nothing to effectuate such service. At a
9 minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy
10 any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d
11 1107, 1110 (5th Cir. 1987).

12 **V.     Analysis**

13 Here, as noted above, the U.S. Marshal has attempted to serve Defendant Crawford two
14 different times. (*See* ECF Nos. 17, 208.) On September 21, 2011, the Court ordered the Deputy
15 Attorney General assigned to the case to provide the forwarding address for Defendant Crawford
16 to the U.S. Marshal in a confidential memorandum instructing the U.S. Marshal to serve the
17 summons and complaint at that address. (ECF No. 199.) The Deputy Attorney General complied
18 with the order and the U.S. Marshall attempted service. However, Defendant Crawford is no
19 longer located at the forwarding address. (*See* ECF No. 208.) There is no indication the failure to
20 effect service was due to the U.S. Marshal's failure to perform his or her duties. It is Plaintiff's
21 responsibility to provide the U.S. Marshal with sufficient information to locate and serve
22 Defendant Crawford. Plaintiff has failed to cite any authority to support his claim that the U.S.
23 Marshal, Attorney General, or CDCR is obligated to locate and serve Defendant Crawford on
24 Plaintiff's behalf. Accordingly, Plaintiff's motion to compel the location of Defendant Crawford
25 is **DENIED**.
26 ///
27 ///
28 ///

Consequently, Plaintiff's complaint has been pending for over 120 days and absent a showing of "good cause," is subject to dismissal without prejudice as to Defendant Crawford. *See* Fed. R. Civ. P. 4(m).[1] Therefore, Plaintiff must remedy the situation or face dismissal of his claims against Defendant Crawford.

**IT IS SO ORDERED.**

DATED: May 4, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

---

[1] Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period." Fed. R. Civ. P. 4(m).